**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1688**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff – Appellant,

v.

BALTIMORE COUNTY,

Defendant – Appellee,

and

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL
EMPLOYEES, Local #921; BALTIMORE COUNTY FEDERATION OF
PUBLIC EMPLOYEES, FMT, AFT, AFL-CIO; BALTIMORE COUNTY
SHERIFF'S OFFICE FRATERNAL ORDER OF POLICE/LODGE NUMBER 25;
BALTIMORE COUNTY LODGE NO. 4 FRATERNAL ORDER OF POLICE
INCORPORATED; BALTIMORE COUNTY FEDERATION OF PUBLIC HEALTH
NURSES; BALTIMORE COUNTY PROFESSIONAL FIRE FIGHTERS
ASSOCIATION INTERNATIONAL ASSOCIATION FIRE FIGHTERS LOCAL
1311-AFL-CIO,

Defendants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District
Judge.  (1:07-cv-02500-BEL)

Argued:  May 11, 2010                   Decided:  June 25, 2010

Before GREGORY and SHEDD, Circuit Judges, and Arthur L. ALARCÓN,
Senior Circuit Judge of the United States Court of Appeals for
the Ninth Circuit, sitting by designation.

Vacated and remanded by unpublished opinion. Judge Shedd wrote the opinion, in which Judge Gregory and Senior Judge Alarcón joined.

---

**ARGUED:** Paul D. Ramshaw, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellant. James Joseph Nolan, Jr., BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellee. **ON BRIEF:** James L. Lee, Acting General Counsel, Carolyn L. Wheeler, Acting Associate General Counsel, Vincent J. Blackwood, Assistant General Counsel, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellant. John E. Beverungen, County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

The Equal Employment Opportunity Commission appeals the district court's order granting Baltimore County summary judgment. EEOC v. Baltimore County, 593 F. Supp.2d 797 (D. Md. 2009). For the following reasons, we vacate and remand.

I.

We view the evidence in the record in the light most favorable to the EEOC, the non-moving party. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc).

A.

At all times relevant, as a condition of employment with the County, new, full-time employees were required to join the County's Employee Retirement System (ERS), unless they were fifty-nine or older. Baltimore County Code § 5-1-203(1) (2004). Under the ERS, most employees are eligible for retirement at age sixty or, regardless of age, when the employee completes thirty years of creditable service. § 5-1-213. Correctional officers, however, are eligible for retirement after twenty years of creditable service, regardless of age. § 5-1-218(b).

All employees must contribute a percentage of their salary to the ERS, but that percentage varies based on the employee's age at the time the employee joins the system. § 5-1-203(1). For example, employees who join the ERS at age forty contribute

3

5.57% of their salary to the ERS, while employees who join at age twenty need only contribute 4.42%.  J.A. 30.

B.

Wayne Lee and Richard Bosse were both correctional officers for the County. In 1999 and 2000, they filed EEOC complaints alleging that the ERS violates the Age Discrimination in Employment Act (ADEA) because, as older enrollees, they have more money deducted from their paychecks than younger enrollees. In 2000, the EEOC ordered the County to respond to their complaints. The County responded, denying the officers' charges of discrimination. Six years later,[1] the EEOC determined that the ERS violates the ADEA. Conciliation failed, and the EEOC filed this action.

Subsequently, the County moved for summary judgment, arguing that the disparate contribution rates are based on financial concerns rather than age.  It argued that because an older new-hire has fewer years to fund a pension, the older new-hire needs to contribute to the pension plan at a higher rate than a younger new-hire.  The EEOC opposed this motion and moved for partial summary judgment, arguing that the contribution rates violate the ADEA because they are expressly based on age.

---

[1] Because of this delay, the County moved to dismiss on the grounds of laches. The district court denied the County's motion, and the County does not cross-appeal this issue.

4

The district court found that the disparate contribution scheme is not motivated by age. <u>Baltimore County</u>, 593 F. Supp. 2d at 802. Accordingly, it granted the County's motion for summary judgment and denied the EEOC's motion for partial summary judgment. The EEOC now appeals the grant of summary judgment.[2]

## II.

The EEOC argues that the district court erred by finding that the disparate contribution rates under the ERS are based on the number of years an employee contributes until reaching retirement age, along with the corresponding time value of money. We review the order granting summary judgment <u>de</u> <u>novo</u>. <u>Jennings v. Univ. of N.C.</u>, 482 F.3d 686, 694 (4th Cir. 2007) (en banc).

Under the ADEA it is generally unlawful for an employer to create a pension plan that discriminates based on age. <u>See</u> 29 U.S.C. § 623(a)(1). To succeed on such a claim, the plaintiff carries the burden to demonstrate that age "actually motivated" the disparate treatment. <u>Ky. Ret. Sys. v. EEOC</u>, 128 S.Ct. 2361,

---

[2] In its complaint, the EEOC challenges the ERS under 29 U.S.C. §§ 623(a)(1) & (i)(1). J.A. 14. The district court granted the County summary judgment on both counts. The EEOC, however, only appeals the district court's decision related to § 623(a)(1).

5

2366 (2008). In fact, age must be the "but-for" cause of the disparate treatment. Gross v. FBL Fin. Serv., Inc., 129 S.Ct. 2343, 2351 (2009) (citing Ky. Ret. Sys., 128 S.Ct. at 2363-66).

Here, the district court found that the County's "requirement that older new-hires pay higher contribution rates is based on the number of years a new-hire has until reaching . . . retirement age and how long it will take to accumulate a sufficient reserve to fund the new-hire's life annuity." Baltimore County, 593 F. Supp. 2d at 801. The court also noted that because older new-hires will reach retirement faster, their contributions will have less time to accrue earnings. Id. at 801-02. These two conclusions led the court to find that "the County was motivated by a permissible principle, the time value of money, rather than the age of new-hires." Id. at 798. Though the court gave various reasons why the ERS was not motivated by age, each reason relies on this "time value of money" rationale.

However, under the express terms of the ERS, two new-hires with the same number of years until retirement age, and therefore the same time value of money, can be required to pay different contributions into the ERS. For example, if a twenty-year-old new-hire and a forty-year-old new-hire enroll in the ERS as correctional officers at the same time, they have the same number of years until retirement eligibility. However, the

6

forty-year-old must contribute 5.57% of his annual salary while the twenty-year-old need only contribute 4.42%.[3] J.A. 30. This disparity is not justified by the time value of money because both employees contribute for the same twenty years.[4] Because the district court's holding rests solely on this faulty premise, we must vacate the summary judgment.

Though the EEOC maintains that the ERS violates the ADEA because applicable rates expressly rely on age,[5] the County argues that, regardless of their express basis, these rates do not violate the ADEA because they are actually motivated by other financial considerations. From the record before us, we are unable to determine as a matter of law that the contribution rates are justified by permissible financial considerations.

---

[3] This is not the only example demonstrating this possibility under the ERS. Because the ERS allows for the "transfer of service credit," J.A. 30, two new-hires, a thirty-two-year-old with ten years of service credit and a fifty-year-old with ten years of service credit enter the system with the same potential time value of money before retirement eligibility. However, the latter must contribute 6.61% of his salary while the former pays only 4.93%.

[4] At oral argument, the County offered no explanation when it was questioned about this scenario.

[5] In their appellate brief, the EEOC argues for the first time that the ERS violates the ADEA because (1) it reduces older workers wages because of their age and (2) it violates 29 C.F.R. § 1625.10(d)(4)(i). Because the EEOC did not make these arguments below, they have forfeited the right to make these arguments in this appeal. Skipper v. French, 130 F.3d 603, 610 (4th Cir. 1997).

Therefore, we remand this case for the district court to decide whether the ERS is supported by such considerations.

III.

For the reasons stated herein, we vacate the district court's opinion and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED